1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD ANDERSON, et al.,

11          Plaintiffs,                    No. 2:12-cv-1057 MCE DAD

12      v.

13   NATIONWIDE MUTUAL                     ORDER
     INSURANCE CO., et al.,
14

15          Defendants.

16   _____/

17          This matter came before the court on April 5, 2013, for hearing of plaintiffs'

18   motion to compel discovery.  (Doc. No. 33.)  Attorney Daniel Kohls appeared on behalf of the

19   plaintiffs and attorney Megan Lieber appeared on behalf of defendant Nationwide Mutual

20   Insurance Company.

21                              **BACKGROUND**

22          According to the parties' Joint Statement of Discovery Disagreement ("JS"), filed

23   March 29, 2013, plaintiffs are mobile home owners.  (JS (Doc. No. 35) at 3.)  On November 28,

24   2006, plaintiffs initiated a lawsuit against Grant Park Development, Inc., and others, in the Yolo

25   County Superior Court, claiming that Grant Park Development, Inc., had not properly maintained

26   the mobile home park where plaintiffs' mobile homes were located.  (Id.)

1

1   From 2002 to 2012, Grant Park Development, Inc., was insured by Nationwide

2   Mutual Insurance Company ("Nationwide").  (Id.)  On June 4, 2007, Nationwide accepted the

3   defense of Grant Park Development, Inc.  (Id.)  On March 3, 2010, however, Nationwide

4   withdrew its coverage of Grant Park Development, Inc., with respect to plaintiffs' claims.  (Id.)

5   In September of 2011, plaintiffs entered into a settlement agreement with Grant

6   Park Development, Inc., which formed the basis for a stipulated judgment entered against Grant

7   Park Development, Inc. in the Yolo County Superior Court  (Id.)  Pursuant to that settlement

8   agreement, Grant Park Development, Inc., also assigned its rights to any claim Grant Park

9   Development, Inc., had against Nationwide to the plaintiffs.  (Id.)  The Yolo County Superior

10  Court approved and entered the stipulated judgment on September 30, 2011.  (Id.)

11  Plaintiffs initiated this action against Nationwide, and another insurer, on

12  February 27, 2012, for wrongfully refusing to defend and indemnify Grant Park Development,

13  Inc., and seeking to enforce the stipulated judgment.[1]  (Id. at 3-4.)  The matter was removed by

14  defendant Nationwide to this court on April 20, 2012.  (Doc. No. 1.)

15  Plaintiffs' filed the motion to compel currently pending before the court on March

16  25, 2013.  (Doc. No. 33.)  Therein, plaintiffs seek production of documents which Nationwide

17  relied on in rejecting coverage under its insurance policy issued to Grant Park Development, Inc.,

18  during the period Nationwide was defending Grant Park Development, Inc.  (JS (Doc. No. 35) at

19  3-4.)  Defendant Nationwide objects to production, asserting that the requested documents are

20  protected pursuant to the attorney-client privilege.  (Id. at 4.)

21  /////

22  /////

23  /////

24

25  [1] Despite this assertion appearing in the joint statement, given defendant Nationwide's
    argument in opposing plaintiffs' motion to compel as discussed below, it appears that
26  Nationwide disputes this characterization of the present action.

2

**ANALYSIS**

The party opposing discovery has the burden of clarifying, explaining and supporting its objections to discovery requests with competent evidence. DirectTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). In addition, as the party opposing the propounded discovery in this case defendant Nationwide also bears the ultimate burden of showing that the requested discovery should not be allowed. Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 750 (C.D. Cal. 1997). Finally, as the party asserting the attorney-client privilege here, Nationwide bears the burden of establishing that the applicability of the privilege to the material sought. San Diego Professional Association v. Superior Court, 58 Cal. 2d 194, 199 (1962); Greyhound Corp. v. Superior Court, 56 Cal. 2d 355, 398 (1961); American Airlines Inc. v. Superior Court, 114 Cal. App. 4th 881, 887 (2003).

Under California law, evidentiary privileges, including the attorney-client privilege, are governed by statute.[2] HLC Properties, Ltd. v. Superior Court, 35 Cal.4th 54, 59 (2005). The attorney-client privilege "is a legislative creation," that courts "have no power to expand [] or to recognize implied exceptions," and thus it "should be narrowly construed" because it prevents the "admission of relevant and otherwise admissible evidence." McKesson HBOC, Inc. v. Superior Court, 115 Cal. App.4th 1229, 1236 (2004). See also Fru-Con Const. Corp. v. Sacramento Mun. Utility Dist., Civ. No. S-05-0583 LKK GGH, 2006 WL 2255538, at *1 (E.D. Cal. Aug. 7, 2006) ("privileges under California law are narrowly construed as their invocation tends to impair the search for the truth").

Generally, California law provides that communications between a lawyer and a client which are intended to be confidential are protected from disclosure. CAL. EVID. CODE §

---

[2] In a diversity case such as this one in which only state law claims are presented, state law governs matters of privilege. FED. R. EVID. 501; Oakes v. Halvorsen Marine, Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998); Pagano v. Oroville Hosp., 145 F.R.D. 683, 687 (E.D. Cal. 1993).

952.  However, California Evidence Code § 962 states that:

> Where two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them, nor the successor in interest of any of them, may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients (*or his successor in interest*) and another of such clients (or his successor in interest).

CAL. EVIDENCE CODE § 962 (emphasis added).

In this regard, "when an insurer, is required by its contract of insurance, employs counsel to defend its insured, any communication with the lawyer concerning the handling of the claim against the insured, is necessarily a matter of common interest to both the insured and the insurer." Glacier Gen. Assurance Co. v. Superior Court, 95 Cal. App.3d 836, 842 (1979). Moreover, when an insured assigns its causes of action against an insurer to a third party, "[s]uch an assignment carries with it all the rights of the assignor in whose shoes the assignee is said to stand.  The instant litigation, then, is essentially between the insured and the insurer." Id. at 839.

The facts in Glacier are instructive.  In that case Dr. Spencer Thompson had attended to Mrs. Dolores Varea in connection with a minor operation.  95 Cal. App.3d at 838. Mrs. Varea died thereafter and her heirs brought a malpractice action against Dr. Thompson.  Id. After a judgment was entered against Dr. Thompson, he assigned his right to proceed against his insurance company, Glacier General Assurance Company ("Glacier"), to Mrs. Varea's heirs.  Id. at 838-39.  The heirs then brought an action against Glacier for failure to settle the medical malpractice claim.  Id.  The trial court issued a discovery order requiring Glacier to produce the entire litigation file of the attorney who represented Glacier and Dr. Thompson to the heirs.  Id. at 838.

On appeal, the California Court of Appeal denied Glacier's petition for mandamus challenging the trial court's discovery order.  Id. at 843.  The state appellate court noted that pursuant to Dr. Thompson's assignment to the heirs, essentially "the doctor, through his assignees," was seeking to discover "the confidential communications between the lawyer and

4

1  the other joint client Glacier communications . . .” <u>Id.</u> at 839.  Citing Evidence Code § 962 the

2  state appellate court found that:

> In the case before us the assertion of the privilege arises in the
> context of litigation [b]etween the clients and does not involve
> third parties.  This is the specific situation for which Evidence
> Code section 962 was designed.

6  <u>Id.</u> at 840-41.

7       Just as in <u>Glacier</u>, documents relating to the time period sought by the discovery

8  requests at issue here, Grant Park Development, Inc., and Nationwide were joint clients.  Grant

9  Park Development, Inc., latter assigned to plaintiffs all rights to any claims Grant Park

10  Development, Inc., had against its insurer, Nationwide.  Plaintiffs are now seeking discovery of

11  documents which Nationwide characterizes as confidential communications between the lawyer

12  and the other joint client, Nationwide.

13       Nationwide, however, argues that unlike the plaintiffs in <u>Glacier</u>, plaintiffs here

14  are pursuing this action only as judgment creditors pursuant to California Insurance Code §

15  11580, and not as assignees of any cause of action previously held by Grant Park Development,

16  Inc.[3]  (JS (Doc. No. 35) at 24.)  Specifically, Nationwide argues that <u>Glacier</u> “is arguably

17  inapplicable” and that plaintiffs should not be entitled to obtain privileged information to pursue

18  an action that is not based on the breach of any duty Nationwide owed to Grant Park

19  /////

20  /////

21  /////

---

[3]  Where an insurer refuses to provide a defense of its insured, a stipulated judgment may be enforceable in a direct action against the insurer under California Insurance Code § 11580(b)(2).  <u>Sanchez v. Truck Ins. Exch.</u>, 21 Cal. App.4th 1778, 1787 (1994).  Pursuant to § 11580, “[t]he judgment creditor’s right to sue is not derivative or dependent upon any assignment from the insured,” <u>Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone</u>, 107 Cal. App.4th 54, 68 (2003), and “a judgment creditor may proceed directly against any liability insurance covering the defendant, and obtain satisfaction of the judgment up to the amount of the policy limits.”  <u>Reliance Ins. Co. v. Superior Court</u>, 84 Cal. App.4th 383, 386 (2000).

1 Development, Inc.[4]  (Id. at 25.)

2          However, it is clear that Grant Park Development, Inc.'s assignment of claims

3 against Nationwide to plaintiffs was broad and not limited only to the recovery on the judgment

4 entered pursuant to the settlement agreement but also included any "breach of contract,

5 negligence and breach of fiduciary duty owed to the Grant Park defendants." (Doc. No. 1-3 at

6 41.)  Thus, plaintiffs clearly stand in the shoes of Grant Park Development, Inc. as a result of that

7 settlement agreement.  Moreover, Nationwide has provided no authority in support of its more

8 limited reading of the decision in Glacier and California Evidence Code § 962, nor has this

9 court's independent research discovered any such authority.  See generally Bartholomew v.

10 Avalon Capital Group, Inc., 278 F.R.D. 441, 450 (D. Minn. 2011) ("The policy underlying

11 section 962 is clear – both parties benefit from the open flow of information to counsel because

12 counsel can have a global view of the matters of common interest, and therefore, neither party

13 should be able to withhold that information because each party should have been equally

14 enriched by it.  It does not matter whether or not the communication was only made to one party

15 or the other if the matter concerned the common interest."); Vieste, LLC v. Hill Redwood

16 Development, No. C-09-4024 JSW (DMR), 2010 WL 4807058, at *4 (N.D. Cal. Nov. 18, 2010)

17 ("More importantly, the joint-client exception contained in section 962 contains no limitation to

18 communications within the scope of the fee agreement."); Sky Valley Ltd. Partnership v. ATX

19 Sky Valley, Ltd., 150 F.R.D. 648, 653 (N.D. Cal. 1993) ("The principal purposes of the joint

20 client exception to the privilege, on the other hand, are (1) to prevent unjustifiable inequality in

21 access to information necessary to resolve fairly disputes that arise between parties who were in

22

23          [4] At the April 5, 2013 hearing on plaintiff's motion to compel, plaintiffs' counsel disputed this assertion, arguing that in their complaint plaintiffs allege that they are proceeding pursuant to both § 11580(b)(2), as well as "a written assignment agreement" with Grant Park

24 Development, Inc.  (See Compl. (Doc. No. 1-2) at 6-7.)  The court finds plaintiff's argument on this point, especially because it relates to a question of discovery, to be persuasive and notes that in several instances plaintiff's complaint alleges defendant Nationwide's refusal to defend Grant

25 Parl Development Inc. in violation of the terms of its policy.  (See Compl. (Doc. No. 1-2) at 8, 10-11.)

26

1   the past joint clients - when the disputes relate to matters that were involved in the joint

2   representation and (2) to discourage abuses of fiduciary obligations and to encourage parties to

3   honor any legal duties they had to share information related to common interests."); Wortham &

4   Van Liew v. Superior Court, 188 Cal. App.3d 927, 932 (1987) (Glacier "stands for the

5   proposition [that] the exception of section 962 is intended to provide joint clients access to

6   communications with the jointly retained attorney which touch on matters affecting both

7   clients."); see also Glacier 95 Cal. App.3d at 842 ("Application of Evidence Code section 962 to

8   communications between insured, insurer and counsel then is tested only by [the] limiting phrase

9   [a matter of common interest] and not, as Glacier contends, by the requirement of 'in the

10  presence of each other.'").

**CONCLUSION**

12          Upon consideration of the parties' arguments as set forth in the joint statement of

13  discovery disagreement filed March 29, 2013 (Doc. No. 35), the parties' arguments at oral

14  argument and for the reasons set forth above, the undersigned finds that defendant Nationwide

15  has failed to meet its burden in opposing the discovery at issue.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  Plaintiffs' March 15, 2013 motion to compel (Doc. No. 33) is granted; and

18          2.  Defendant shall produce responsive documents within twenty-eight days of the

19  date of this order.

20  DATED: April 19, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24  DAD:6
    Ddad1\orders.civil\anderson1057.oah.040513

7