UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ANDERSON, et al., | No.  2:12-cv-01057-MCE-GGH |
| Plaintiffs, | |
| v. | AMENDED PRETRIAL SCHEDULING ORDER |
| NATIONWIDE MUTUAL INSURANCE CO., et al., | |
| Defendants. | |

After reviewing the parties' Stipulation to Amend the Scheduling Order, the Court makes the following Amended Pretrial Scheduling Order.

I.      SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. section 1332.  Jurisdiction and venue are not contested.

///

1

1 IV.    DISCOVERY

2       All discovery, with the exception of expert discovery, shall be completed by

3 **July 12, 2014.**  In this context, "completed" means that all discovery shall have been

4 conducted so that all depositions have been taken and any disputes relative to discovery

5 shall have been resolved by appropriate order if necessary and, where discovery has

6 been ordered, the order has been obeyed.  All motions to compel discovery must be

7 noticed on the magistrate judge's calendar in accordance with the local rules of this

8 Court.

9 V.    DISCLOSURE OF EXPERT WITNESSES

10      All counsel are to designate in writing, file with the Court, and serve upon all other

11 parties the name, address, and area of expertise of each expert that they propose to

12 tender at trial not later than **October 28, 2014.**[1]  The designation shall be accompanied

13 by a written report prepared and signed by the witness.  The report shall comply with

14 Fed. R. Civ. P. 26(a)(2)(B).

15      Within twenty (20) days after the designation of expert witnesses, any party may

16 designate a supplemental list of expert witnesses who will express an opinion on a

17 subject covered by an expert designated by an adverse party.  The right to designate a

18 supplemental expert for rebuttal purposes only shall apply to a party who has not

19 previously disclosed an expert witness on the date set for expert witness disclosure by

20 this Pretrial Scheduling Order.

21      Failure of a party to comply with the disclosure schedule as set forth above in all

22 likelihood will preclude that party from calling the expert witness at the time of trial.  An

23 expert witness not appearing on the designation will not be permitted to testify unless the

24 party offering the witness demonstrates:

25 ///

26

27 _____

[1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow
Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999)
28 are anticipated.

1  (a) that the necessity for the witness could not have been reasonably anticipated at the

2  time the list was proffered; (b) that the Court and opposing counsel were promptly

3  notified upon discovery of the witness; and (c) that the witness was promptly made

4  available for deposition.

5      For purposes of this Pretrial Scheduling Order, an "expert" is any person who may

6  be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules

7  of Evidence, which include both "percipient experts" (persons who, because of their

8  expertise, have rendered expert opinions in the normal course of their work duties or

9  observations pertinent to the issues in the case) and "retained experts" (persons

10 specifically designated by a party to be a testifying expert for the purposes of litigation).

11     Each party shall identify whether a disclosed expert is percipient, retained, or

12 both.  It will be assumed that a party designating a retained expert has acquired the

13 express permission of the witness to be so listed.  Parties designating percipient experts

14 must state in the designation who is responsible for arranging the deposition of such

15 persons.

16     All experts designated are to be fully prepared at the time of designation to render

17 an informed opinion, and give their bases for their opinion, so that they will be able to

18 give full and complete testimony at any deposition taken by the opposing party.  Experts

19 will not be permitted to testify at the trial as to any information gathered or evaluated, or

20 opinion formed, after deposition taken subsequent to designation.

21     Counsel are instructed to complete all discovery of expert witnesses in a timely

22 manner in order to comply with the Court's deadline for filing dispositive motions.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

3

VI.    MOTION HEARING SCHEDULE

The last day to hear dispositive motions shall be **February 5, 2015.**  The parties shall comply with the following filing deadlines:

| | |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

The parties are directed to the Court's website for available hearing dates. (www.caed.uscourts.gov → choose Judges → choose Judge England → choose Standard Information)

All purely legal issues are to be resolved by timely pretrial motions.  Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.  Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1   The parties are reminded that a motion in limine is a pretrial procedural device
2   designed to address the admissibility of evidence.  The Court will look with disfavor upon
3   dispositional motions presented at the Final Pretrial Conference or at trial in the guise of
4   motions in limine.

5   The parties are cautioned that failure to raise a dispositive legal issue that could
6   have been tendered to the court by proper pretrial motion prior to the dispositive motion
7   cut-off date may constitute waiver of such issue.

8   VII.   FINAL PRETRIAL CONFERENCE

9   The Final Pretrial Conference is set for **April 16, 2015 at 2:00 p.m.**  At least one
10  of the attorneys who will conduct the trial for each of the parties shall attend the Final
11  Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial
12  attorney is unable to attend, the attorney who attends in place of the trial attorney shall
13  have equal familiarity with the case and equal authorization to make commitments on
14  behalf of the client.

15  Counsel for all parties are to be fully prepared for trial at the time of the Final
16  Pretrial Conference, with no matters remaining to be accomplished except production of
17  witnesses for oral testimony.

18  The parties shall file, not later than **March 26, 2015**, a Joint Final Pretrial
19  Conference Statement.  The provisions of Local Rules 281 shall apply with respect to
20  the matters to be included in the Joint Final Pretrial Conference Statement.  In addition
21  to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a
22  plain, concise statement that identifies every non-discovery motion tendered to the Court
23  and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial
24  Scheduling Order, may be grounds for sanctions.

25  At the time of filing the Joint Final Pretrial Conference Statement, counsel shall
26  also electronically mail to the Court in digital format compatible with Microsoft Word, the
27  Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit
28  lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party. Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiffs' exhibits shall be listed numerically.  Defendants' exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.

///

All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiffs and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the Court's processes.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

VIII.   <u>TRIAL BRIEFS</u>

The parties shall file trial briefs not later than **April 2, 2015**.  Counsel are directed to Local Rule 285 regarding the content of trial briefs.

///

///

///

IX.     EVIDENTIARY AND/OR PROCEDURAL MOTIONS

Any evidentiary or procedural motions are to be filed by **March 26, 2015.**
Oppositions must be filed by **April 2, 2015** and any reply must be filed by **April 9, 2015.**
The motions will be heard by the Court at the same time as the Final Pretrial
Conference.

X.      TRIAL SETTING

The trial is set for **June 1, 2015, at 9:00 a.m**.  Trial will be a jury trial. The panel
will consist of  nine (9) jurors.  The parties estimate a trial length of **thirty-five (35) days**.

XI.     SETTLEMENT CONFERENCE

At the Final Pretrial Conference, the Court may set a settlement conference if the
parties so request.  In the event no settlement conference is requested, the parties are
free to continue to mediate or attempt to settle the case with the understanding that the
trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to
have a principal with full settlement authority present at the Settlement Conference or to
be fully authorized to settle the matter on any terms.  At least seven (7) calendar days
before the settlement conference, counsel for each party shall submit to the chambers of
the settlement judge a confidential Settlement Conference Statement.  Such statements
are neither to be filed with the Clerk nor served on opposing counsel.  Each party,
however, shall serve notice on all other parties that the statement has been submitted.  If
the settlement judge is not the trial judge, the Settlement Conference Statement shall not
be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a settlement conference
prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of
the case. In the event an early settlement conference date is requested, the parties shall
file said request jointly, in writing.  The request must state whether the parties waive
disqualification, pursuant to Local Rule 270(b), before a settlement judge can be
assigned to the case.

1  Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge

2  participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a

3  settlement judge will be randomly assigned to the case.

4  XII.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

5          Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed

6  order requesting referral to the Voluntary Dispute Resolution Program.

7  XIII.  MODIFICATION OF PRETRIAL SCHEDULING ORDER

8          The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

9  Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court

10 upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone

11 to modify the Pretrial Scheduling Order does not constitute good cause.  Except in

12 extraordinary circumstances, unavailability of witnesses or counsel will not constitute

13 good cause.

14 XIV.  OBJECTIONS TO PRETRIAL SCHEDULING ORDER

15         This Pretrial Scheduling Order will become final without further order of the Court

16 unless objections are filed within seven (7) court days of service of this Order.

17         IT IS SO ORDERED.

18 Dated:  November 21, 2013

19

20

21                                    _____

22                                    MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT

23

24

25

26

27

28

9